IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Oliver D. Chavis and Annette W. Chavis, on behalf of themselves and all others similarly situated, | ) ) ) ) C/A No. 1:05-cv-1813-MBS |
| Plaintiffs, | ) ) |
| vs. | ) **O R D E R and O P I N I O N** |
| Fidelity Warranty Services, Inc., | ) ) ) |
| Defendant. | ) ) |

On May 23, 2005, named Plaintiffs Oliver and Annette Chavis filed this action in the Court of Common Pleas for Barnwell County, South Carolina on behalf of themselves and others similarly situated. Plaintiffs allege that Defendant Fidelity Warranty Services charged and received premiums on automobile warranties in violation of the Magnusson-Moss Warranty Act (the "M/M Act"). See 15 U.S.C. § 2310(d)(3). On June 23, 2005, Defendant removed the case to federal court alleging jurisdiction under 28 U.S.C. § 1332(d).[1]

This matter is now before the court on Plaintiffs' Motion to Remand the case to state court filed on July 25, 2005. Defendant filed a memorandum in opposition to Plaintiffs' motion on August 12, 2005. Plaintiffs responded on August 26, 2005. The court held a hearing on the matter on November 30, 2005. The court has thoroughly reviewed the pleadings, motions, memoranda, and

---

[1] 28 U.S.C. § 1332 was revised pursuant to the Class Action Fairness Act, Pub. L. 109-2, 119 Stat. 4 (2005). "Subject to certain limitations, [the Class Action Fairness Act] confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5,000,000 . . . [and] abrogates the rule against aggregating claims. . . ." Exxon Mobil Corp. v. Allapattah Servs., 125 S. Ct. 2611, 2627 (2005).

considered the testimony offered at the hearing.  The court concludes that Plaintiffs' motion to remand should be denied.

## I. FACTS

Plaintiffs allege that Defendant sold them a warranty on a used vehicle for $1,895.00. Memo. in Support of Remand, 1.  Plaintiffs further allege that this warranty was sold after Defendant disclaimed all express and implied warranties on the vehicle. Id. Plaintiffs claim that the warranty they purchased contained a false or fraudulent "affirmation, promise, description, or reservation" intending to mislead them and similarly situated warranty purchasers. Id. at 2.

In their lawsuit filed in state court, Plaintiffs do not seek recovery for a specific dollar amount.  However, they demanded in their complaint damages "not to exceed $50,000.00 per class member, exclusive of interest and costs."  Complaint, 2.  Plaintiffs did not name any class members beyond themselves but noted that "the class consists of more than one hundred (100) persons and is so numerous that joinder of individual members is impracticable." Id.

## II. LAW

The issue before the court is whether the underlying case properly was removed to federal court.  Plaintiffs argue federal jurisdiction is inappropriate because their complaint fails to satisfy the requirements set forth in the M/M Act at 15 U.S.C. § 2310(d)(3)(B) that would allow this class action suit to be brought in federal court.  Defendant argues the case is properly before the court under the broader parameters for federal jurisdiction in class-action lawsuits brought about by the Class Action Fairness Act of 2005 ("CAFA").  Pub. L. No. 109-2, 119 Stat. 4 (2005).

A. The Magnusson-Moss Warranty Act

The Magnuson-Moss Warranty Act is "a remedial statute designed to protect the purchasers of consumer goods from deceptive warranty practices." Miller v. Willow Creek Homes, Inc., 249 F.3d 629, 630 (7th Cir. 2001). However, in certain circumstances, the M/M Act is an "'unusual' statute in that it permits consumers to sue on state-law warranty claims in federal court, regardless of whether the parties are of diverse citizenship." Collins v. Computertraining.com, Inc., 376 F. Supp. 2d 599, 601 (D. Va. 2005) (citing Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 956 (7th Cir. 1998)). The statutory authority to bring such suits reads, in pertinent part:

> (1) . . . a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief–
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection. . . .

15 U.S.C. § 2310(d)(1). Section 2310(d)(3)(B) states that no claim shall be cognizable in a suit brought under § 2310(d)(1)(B) if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit . . . ." Section 2310(d)(3)(C) notes that no claim is cognizable in a suit brought under § 2310(d)(1)(B) as a class action if "the number of named plaintiffs is less than one hundred."

> The Act's jurisdictional provisions generally serve two purposes:
>
> 1) to avoid trivial or minor actions being brought as class actions in the federal district courts; and, 2) to overcome the absence of an amount in controversy requirement in 28 U.S.C. § 1337, since the Magnuson-Moss Warranty Act is an act regulating commerce.

Dance v. U.S. Intern. Motors, 647 F. Supp. 1205, 1207 (D.D.C. 1986) (quoting Novosel v.

Northway Motor Car Corp., 460 F. Supp. 541 (N.D.N.Y. 1978) (citing H.R. Rep. No. 1107, 93d Cong., 2d Sess. 42 (1974), *reprinted in* 1974 U.S.C.C.A.N., 7702, 7724)).

The court finds that jurisdiction under § 2310(1)(B) is inappropriate. Though Plaintiffs have alleged that their class membership "consists of more than one hundred (100) persons," Complaint, 2, they have named only two of these individuals. This failure contravenes the M/M Act's requirement that the number of named plaintiffs must be one hundred or greater for a class action to maintained in federal court under the M/M Act. 15 U.S.C. § 2310(3)(C).² Similarly, though the M/M Act regulates interstate commerce, this action cannot lie in federal court based solely on 28 U.S.C. § 1337 as the M/M Act forecloses on this traditional source of federal jurisdiction. Dance,

---

² 
The court notes that there exists confusion over when, exactly, the "one hundred plaintiffs" must be "named" for purposes of federal jurisdiction. Most courts have interpreted this provision to require one hundred named plaintiffs at the time the case is filed initially in federal court or, similarly, at the time it is removed to federal court. See, e.g., Stuessy v. Microsoft Corp., 837 F. Supp. 690, 691 (D. Pa. 1993) (noting the 100 named plaintiff requirement to be "unusual"); Schwiesow v. Winston Furniture Co., 74 F. Supp. 2d 544, 547 (D.N.C. 1999) ("Therefore, for a federal court to have jurisdiction under section 2310(d)(3)(C) of the Magnuson-Moss Warranty Act, the one hundred plaintiffs must be named in the complaint and must exist at the time the petition for removal is filed."); Churchill Vill., L.L.C. v. GE, 361 F.3d 566, 574 n.5 (9th Cir. 2004) ("But these claims do not appear viable in light of the requirement of 100 named plaintiffs to maintain a federal class action based on the Act."); Abraham v. Volkswagen of America, Inc., 795 F.2d 238, 246 n.6 (2d Cir. 1986) ("Fewer than 100 named plaintiffs may not initiate a class action simply by promising to add more named plaintiffs at a later date."); O'Keefe v. Mercedes-Benz USA, LLC, 2002 U.S. Dist. LEXIS 6973 (D. Pa. 2002) ("Clearly, had this suit originated in federal court, we would lack subject matter jurisdiction over this class action under Magnuson-Moss with fewer than 100 plaintiffs under the plain language of 15 U.S.C. § 2310(d)(3)(C)."); McGettigan v. Ford Motor Co., 265 F. Supp. 2d 1291, 1297 (D. Ala. 2003) ("Here, the action does not arise from federal law, for the purposes of the well-pleaded complaint rule, as it may only be entertained in state court because there are only three named plaintiffs in the putative class."). But see Carlson v. General Motors Corp., 883 F.2d 287, 289 n.3 (4th Cir. 1989) (indicating that a District Court need not immediately dismiss a M/M Act class action initially in federal court pursuant to 15 U.S.C. § 2310(d)(3)(C) with the requisite 100 named plaintiffs when subsequent events lessen the number of named plaintiffs below that number).

647 F. Supp. at 1207. However, while federal jurisdiction may not be grounded in 15 U.S.C. § 2310(3)(C), an alternative source of federal jurisdiction exists.

Section 2310(d)(1)(A) provides that jurisdiction is appropriate under the M/M Act "in any court of *competent jurisdiction* in any State." 15 U.S.C. § 2310(d)(1)(A) (emphasis added). This paragraph is generally viewed as authorizing state courts to hear claims brought under the M/M Act that do not conform to the strict requirements for federal jurisdiction. Saval, 710 F.2d at 1030 ("Claims not enforceable in federal court because of the restrictions found in § 2310(d)(3) may be brought in state court [under 15 U.S.C. § 2310(d)(1)(A)]."). However, this is not the sole purpose of section 2310(d)(1)(A) . Indeed, many courts have allowed federal jurisdiction to be maintained over Magnusson-Moss claims that fail to conform to the strict limitations of § 2310(d)(3) when an alternate basis for federal jurisdiction exists.  They have ordinarily done so implicitly, but often explicitly, relying on § 2310(d)(1)(A)'s mandate that jurisdiction can lie in any court of "competent jurisdiction." 15 U.S.C. § 2310(d)(1)(A).

In Barnes v. West, Inc., 249 F. Supp. 2d 737, 739 (E.D.Va. 2003), the Eastern District of Virginia was faced with a claim under the M/M Act that failed to allege more than the requisite jurisdictional requirement of $50,000. After noting that federal jurisdiction was not appropriate under § 2310(d)(3),  the court continued:

> This conclusion does not end the analysis because the [M/M Act] also provides that [M/M Act] claims can be brought "in any court of competent jurisdiction in any State or District of Columbia" without regard to the amount in controversy. 15 U.S.C. § 2310(d)(1)(A). Thus, [M/M Act] claims that cannot independently be heard in federal court owing to the absence of the requisite amount in controversy, can still be heard in federal court in circumstances where supplemental jurisdiction is properly exercised under 28 U.S.C. § 1367. In those circumstances, the amount in controversy requirement is no obstacle to the claim being heard in federal court because the basis for federal jurisdiction over the [Magnusson-Moss] claim is not 15 U.S.C. § 2310(d)(1)(B), but rather 28 U.S.C. § 1367.

5

Id. (internal citation omitted).

The district court in Wetzel v. American Motors Corp., 693 F. Supp. 246, 248 (D. Pa. 1988)., came to a similar conclusion. The Wetzel court noted that "[the Act's] limitation on the amount in controversy precludes a federal cause of action where jurisdiction is predicated *only on* federal question jurisdiction (28 U.S.C. §§ 1331, 1337), but does not preclude federal jurisdiction where there are state claims to which [the claim based on the M/M Act] is pendent and the parties are of diverse citizenship." Id. (emphasis added). Indeed, many other courts have similarly found that federal jurisdiction may still be appropriate when the requirements of § 2310(d)(3) are not satisfied. See, e.g., Watts v. Volkswagen Artiengesellschaft, 488 F. Supp. 1233, 1237 (D. Ark. 1980) (analyzing whether an alternate basis for federal jurisdiction exists separate from the M/M Act by noting that "[w]e do not have jurisdiction under 28 U.S.C. [§] 1332 (diversity of citizenship) or 28 U.S.C. [§] 1331 (general federal question) because the amount claimed by each plaintiff does not exceed $10,000.00."); Seybold v. Francis P. Dean, Inc., 628 F. Supp. 912, 916 (D. Pa. 1986) (extending pendent jurisdiction over Magnusson-Moss claim despite failure to meet the $50,000 requirement); Schwiesow, 74 F. Supp. 2d at 547 (noting that despite the absence of jurisdiction under the M/M Act, jurisdiction may be appropriate under 28 U.S.C. § 1332 if the amount in controversy was satisfied).[3] The court finds that federal jurisdiction may be appropriate for M/M Act

---

[3] There are many additional examples of federal courts exercising jurisdiction over M/M Act claims that fail to meet the strict requirements of 15 U.S.C. § 2310(d)(1)(B). See, e.g., Allen v. Toyota Motor Sales, U.S.A., Inc., 2005 WL 3096631, *2 n.2 (11th Cir. 2005) ("Because we conclude that the district court had diversity jurisdiction, we do not consider whether [jurisdiction under the Magnuson-Moss Warranty Act] was available."); Miller v. Hypoguard USA, Inc., 2005 WL 2089212, *3 (S. D. Ill. 2005) ("Thus, the Court finds that Defendants have sustained their burden of presenting evidence that it is plausible that at least one member of the class would cross both the $50,000 threshold under the Magnuson-Moss Act and the $75,000 threshold under the diversity

claims that fail to satisfy the requirements of 15 U.S.C. § 2310(d)(1)(B) if a valid alternative federal jurisdictional basis exists.

B.  The Class Action Fairness Act

On February 18, 2005, the President signed into law the Class Action Fairness Act ("CAFA"). Pub. L. 109-2, 119 Stat. 4 (2005).  CAFA amends 28 U.S.C. § 1332, the federal diversity statute, and now vests original jurisdiction for class actions in federal court where there is minimal

---

statute."); Sanford v. Ektelon/Prince Sports Group, Inc., 1999 WL 33537914, *7 (D. Neb.1999) ("The Court wishes to note that a few courts have ruled that where diversity jurisdiction is established on other claims, the court can entertain claims for Magnuson-Moss violations that do not meet the jurisdictional requirements.") (citations omitted); Siegel v. Ford Motor Co., 1995 WL 649166, *1(E. D. Pa.1995) ("However, this court may exercise supplemental jurisdiction over the Magnuson-Moss claim if there is federal jurisdiction based on diversity of citizenship of the parties and an amount in controversy exceeding $50,000.") (citations omitted); Haslam v. Lefta, Inc., 1994 WL 117463, *2 (N. D. Ill. 1994) ("The implication is that dismissal of the [Magnusson-Moss] claim for failing to meet the amount in controversy set forth in § 2310(d)(3)(B) is not proper where another basis of federal jurisdiction exists. . . . For substantially the same reasons set forth in Wetzel, this Court finds that diversity jurisdiction is limited solely by the requirements set forth in § 1332, and not by the federal question jurisdictional requirements in the [M/M Act], § 2310(d)(3)(B)."); Voorhees v. Gen. Motors Corp., 1990 WL 29650, *1 (E. D. Pa. 1990) ("If diversity jurisdiction exists, the court will exercise pendent jurisdiction over the Magnuson-Moss Act claim, even though the damages recoverable for that count alone do not satisfy the jurisdictional limitation contained in the Magnuson-Moss Act."); Pavese v. Gen. Motors Corp., 1998 U.S. Dist. LEXIS 1746 (D. Pa. 1998) ("Because Pavese's [additional state law] claim satisfies the jurisdictional diversity amount, this court can and will assert supplemental jurisdiction over her [Magnusson-Moss] claim."); Rudder v. American Honda Motor Co., 1995 U.S. Dist. LEXIS 4747 (D. Pa. 1995) ("Failure to reach the requisite amount for independent jurisdiction under the [M/M Act] will not bar the exercise of supplemental jurisdiction over the federal claim.") (citation omitted); Levin v. American Honda Motor Corp., 1994 U.S. Dist. LEXIS 18217 (D. Pa. 1994) ("Where diversity jurisdiction exists over state law claims, it has been held that a federal court may exercise pendent jurisdiction over a federal claim, such as the plaintiff's MMWA claim, that derives from a common nucleus of operative facts."); Brummett v. Skyline Corp., 1984 U.S. Dist. LEXIS 17702 (D. Ky. 1984) ("Rather than require the plaintiffs to pursue two separate class action complaints -- one in the state court and the other before this Court -- full justice would be served and the dispute expeditiously resolved by our taking jurisdiction of all the proposed class action claims."); But see Lieb v. American Motors Corp., 538 F. Supp. 127, 139-40 (S.D.N.Y. 1982) (declining to assert supplemental jurisdiction over MMWA claims in diversity case).

diversity and the amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d).[4] CAFA became effective for all actions that "commenced on or after" February 18, 2005. Pub. L. 109-2, § 9.

In passing CAFA, Congress found that, "[o]ver the past decade, there have been abuses of the class action device that have . . .undermined public respect for our judicial system . . . [and] adversely affected interstate commerce." Pub. L. 109-2, 110 Stat. 4.   The Senate Judiciary Committee noted the tremendous impact of CAFA:

> Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).  The Committee intends this subsection to be interpreted expansively.  If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improper (i.e., that the applicable jurisdictional requirements are not satisfied).  And if a federal court is uncertain about whether "all matters in controversy" in a purported class action "do not in the aggregate exceed the sum or value of $5,000,000," *the court should err in favor of exercising jurisdiction over the case*.  By the same token, the Committee intends that a matter be subject to federal jurisdiction under this

---

[4]  The statute reads in pertinent part:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332.

>    provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).

S. Rep. No. 109-14 at 42 (2005), 2005 U.S.C.C.A.N. 3, 40 (emphasis added). The Committee continued by summarizing, "[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions . . . [and] its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." Id.

C.  Reconciling CAFA and the Magnuson Moss Act

It is firmly entrenched that Congress is presumed to enact legislation with knowledge of the law. Witt v. United Cos. Lending Corp. (In re Witt), 113 F.3d 508, 513 (4th Cir. 1997) (citing United States v. Langley, 62 F.3d 602, 605 (4th Cir. 1995) (en banc)). The practical effect of this canon of statutory interpretation is that "absent a clear manifestation of contrary intent, a newly-enacted or revised statute is presumed to be harmonious with existing law and its judicial construction." Id. (quoting Estate of Wood v. C.I.R., 909 F.2d 1155, 1160 (8th Cir. 1990)).

CAFA was passed with the clear intention of expanding "federal court jurisdiction over class actions . . . ." S. Rep. No. 109-14 at 42 (2005), 2005 U.S.C.C.A.N. 3, 40. Under the established framework for statutory interpretation, it is to be assumed that Congress was aware of the Act's strict provisions for maintaining a class-action in federal court. Congress was also presumed to be aware of section 2310(d)(1)(A) of the M/M Act and its recognition that jurisdiction is appropriate under the M/M Act "in any court of competent jurisdiction in any State or the District of Columbia." 15 U.S.C. § 2310(d)(1)(A). Accordingly, CAFA's grant of federal jurisdiction over *any* class-action

9

in which the matter in controversy exceeds the sum or value of $5,000,000 and where any member of a class of plaintiffs is a citizen of a state different from any defendant necessarily includes qualifying class-actions filed pursuant to the M/M Act that fail to meet the strict provisions of 15 U.S.C. § 2310(1)(B). CAFA provides an alternate basis by which federal courts may become courts of "competent jurisdiction" under 15 U.S.C. § 2310(d)(1)(A).

### III. DISCUSSION

The court must determine whether the underlying class-action suit is properly before the court based on 28 U.S.C. § 1332(d). This suit was brought as a class-action by Plaintiff. Complaint, 1. Both parties acknowledge that there exists diversity of citizenship sufficient to satisfy the requirements of 28 U.S.C. § 1332(d)(2)(A). See Plaintiffs' Memo in Support of Remand, 5; Defendant's Notice of Removal, 2. However, the parties dispute whether the requisite amount in controversy to trigger federal diversity jurisdiction under CAFA has been met.

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. Thompson v. Victoria Fire & Casualty Co., 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). "[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal." St. Paul Mercury Indemnity Co., 303 U.S. at 291.[5]

---

[5]

Plaintiff argue that the Court should treat Plaintiffs' complaint as pleading "unspecified damages." Memo in Opposition of Remand, 3; Plaintiff's Memo in Support of Remand, 6. The Fourth Circuit has not adopted a standard for determining the amount in controversy when a Plaintiff moves to remand a case with unspecified damages. See Rota v. Consolidation Coal Co., 175 F.3d 1016 n.4 (4th Cir.1999) (unpublished table opinion). In the instant case, it is clear from the face of the complaint that the amount in controversy required for federal jurisdiction under CAFA is satisfied

Plaintiffs argue that "there is no evidence in this action that the amount in controversy will even approach the $5 million minimum requirement, and the defendant has failed to establish this jurisdictional amount is satisfied."  Plaintiff's Memo in Support of Remand, 5.  Defendant counters that Plaintiffs allege "on the face of their complaint" that the amount in controversy can be as much as "$50,000 per class member."  Memo in Opposition of Remand, 13.  Defendant also notes that because Plaintiffs purport to represent a class of greater than one hundred members, "by simply multiplying the two numbers, [Plaintiffs'] claims can exceed $5,000,000."  Id. at 14.  The court finds that Plaintiffs allege over $5 million in damages.

It is well established that "the plaintiff is the master of his complaint."  Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996).  Thus, Plaintiffs could have limited the damages alleged in their complaint to escape possible removal to federal court under CAFA.  See S.C. R. of Civ. P. 8(a)(3) (allowing a party to plead the total amount in controversy and limit the claim "for all purposes").  To the contrary, Plaintiffs allege in their complaint that their putative class "consists of more than one hundred (100) persons."  Complaint, 2.  Further, they claim to suffer damages "the sum and value of which is not to exceed Fifty Thousand Dollars ($50,000.00) per class member, exclusive of interest and costs."  Id.  Because Plaintiffs' allege no less than 100 members in the putative class, the court cannot say to a legal certainty that the amount in controversy would not reach CAFA's $5,000,000 threshold.  The mathematical equation (100 x $50,000) reaches the jurisdictional threshold.[6]  St. Paul Mercury Indemnity Co., 303 U.S. at 228.  To the extent Plaintiffs allege in their

---

regardless of the standard utilized as Plaintiffs articulated in their complaint a specific recoverable sum, namely $5,000,000.

[6] The court notes that both parties largely dispute only the magnitude of potential damages.  Thus,

motion to remand and their reply brief that the amount in controversy is less than $5,000,000, the court notes that "post-removal events . . . do not deprive a federal court of diversity jurisdiction." Thompson, 32. F. Supp. 2d at 849.[7]

The parties are diverse in citizenship and Defendants properly filed for removal of the case under 28 U.S.C. §§ 1441, 1453, and 1446. Even in the absence of satisfying the requirements of 15 U.S.C. § 2310(d)(3), the court may exercise jurisdiction over claims brought under the Magnusson-Moss Act if an independent basis for federal jurisdiction exists. Based on Plaintiffs' complaint alone, It does not appear to a legal certainty that Plaintiffs have not alleged at least $5,000,000 in damages for the putative class. Because jurisdiction is proper under 28 U.S.C. § 1332(d), the court denies Plaintiffs' motion to remand the case to state court.

---

jurisdiction is particularly appropriate in federal court in light of the Senate Judiciary Committee's recommendation that "a federal court should err in favor of exercising jurisdiction over a case if it is uncertain about whether the sum or value of an aggregated class action claim reaches $5,000,000." S. Rep. No. 109-14 at 42 (2005), 2005 U.S.C.C.A.N. 3, 40.

[7] Plaintiffs argue that the recent Report and Recommendation of the Magistrate Judge in Holland v. Cole National Corp., 2005 WL 1242349, *15 (W.D.Va.,2005), supports remand. The court disagrees. First, the Report and Recommendation acknowledges that where the federal question jurisdictional requirements in the M/M Act (15 U.S.C. § 2310(d)(3)(B) are not satisfied, diversity jurisdiction as set forth in 28 U.S.C. § 1332 may still be appropriate to retain federal jurisdiction over Magnusson-Moss claims. Id. at *14. Second, unlike the instant Plaintiffs whose complaint can be read to allege $5,000,000 in damages, the Holland plaintiffs "failed to allege that more than $5 million. [was] in controversy." Id. at *15.

## IV. CONCLUSION

For the reasons stated, Plaintiffs' motion to remand is **denied**.

**IT IS SO ORDERED.**

                                            /s/ Margaret B. Seymour
                                            Margaret B. Seymour
                                            United States District Judge

February 13, 2006
Columbia, South Carolina